[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In October 1988, John Grigson died at University Hospital in Cincinnati, Ohio, as a result of an automobile accident that had occurred in Independence, Kentucky. Grigson's brother, Jack E. Greyson,[1] plaintiff-appellant in this case, claimed that his brother had been the apparent victim of a murder conspiracy. Greyson believed that the Hamilton County Coroner's Office improperly performed an autopsy that would have yielded evidence of Grigson's murder. Greyson had his brother's body exhumed from a gravesite in Kentucky in 1998, and had a second autopsy performed by the coroner's office in Montgomery County, Ohio. After the second autopsy revealed a skull fracture that had gone undetected at the autopsy performed by the Hamilton County Coroner's Office in 1988, Greyson, on September 20, 1999, filed a complaint on behalf of his deceased brother, alleging, inter alia, that the defendants-appellees had improperly performed the first autopsy.
On January 27, 2000, the trial court entered upon its journal an order dismissing Greyson's complaint. The trial court's reasons for dismissing the complaint were that (1) Greyson was not the real party in interest; (2) the applicable statute of limitations had run; (3) the defendants named in the complaint were entitled to immunity; and (4) the Hamilton County Coroner's Office was not a proper defendant. On appeal, Greyson raises four assignments of error, each of which deals directly with one of the four reasons the trial court cited for dismissing Greyson's complaint.
In order to bring a cause of action in Ohio, one must be a real party in interest. See Civ.R. 17. When, as is the case here, an action is brought on behalf of a deceased person, it must be brought by a duly appointed administrator, executor, or personal representative of the decedent's estate. See Ramsey v. Neiman
(1994), 69 Ohio St.3d 508, 634 N.E.2d 211. Although Greyson purported to be a duly appointed administrator of his brother's estate, there is nothing in the record to demonstrate that Greyson was so appointed. We note that the record does contain a document appointing Greyson as the administrator of Grigson's estate; however, that document clearly did not originate in a court of record and does not comply with the requirements for the appointment of administrators under the laws of either Ohio or Kentucky, which was apparently Grigson's state of residence. See R.C. 2113.01; Ky.Rev.Stat.Ann. Chapter 395.
Because Greyson was not a duly appointed administrator for Grigson's estate, Greyson could not be the real party in interest and could not have filed a cause of action on behalf of Grigson. See Ramsey, supra. Therefore, the trial court did not err when it dismissed Greyson's complaint, and we overrule the first assignment of error. Our resolution of the first assignment of error renders moot the remaining three assignments of error. We, therefore, overrule the remaining assignments of error and affirm the judgment of the trial court.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] During oral argument, Jack E. Greyson stated that he had legally changed the spelling of his name from "Grigson" to "Greyson."